# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **Paul Duffy,** § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. _____ |
| **v.** § | |
| § | |
| **RPS Group, Inc.,** § | |
| § | |
| *Defendant*. § | |

## DEFENDANT RPS GROUP, INC.'S
## NOTICE OF REMOVAL FROM STATE COURT

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant RPS Group, Inc. files this Notice of Removal from State Court of the above-entitled action from the Superior Court of Washington County, Rhode Island for the reasons set forth below:

## I.
## BACKGROUND

1. On September 14, 2020, Plaintiff filed the above-captioned civil action No. WC-2020-0376, in the Superior Court of Washington County, Rhode Island. A copy of Plaintiff's Complaint is attached as Exhibit A.

2. Defendant was served with Plaintiff's Complaint on December 8, 2020. A copy of the Summons is attached as Exhibit B.

3. Pursuant to 28 U.S.C. § 1446(a), these documents comprise the "process, pleadings, and orders served" in the state court action with respect to this case. A complete copy of all other pleadings and orders issued by the Superior Court of Washington County, if any, are attached as Exhibit C.

4. In this lawsuit, Plaintiff alleges that RPS Group, Inc., is liable for discrimination

on the basis of his alleged disability or perceived disability in violation of the Fair Employment Practices Act ("FEPA"), the Rhode Island Civil Rights of People with Disabilities Act ("CRPDA"), and the Rhode Island Civil Rights Act of 1990 ("RICRA"). *See* Exhibit A at ¶¶ 1, 6-7.

## II.
## DIVERSITY JURISDICTION

5. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* § 1332(a)(l). Both of the requirements for diversity jurisdiction are met in this case.

### A. The Amount in Controversy Exceeds $75,000

6. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Specifically, in his Complaint, Plaintiff requests the following relief, which individually and/or in sum, amounts to more than $75,000, exclusive of interest and costs: (1) compensatory damages; (2) liquidated damages; and (3) attorneys' fees. *See* Exhibit A at ¶¶ 1, 6-7.

7. At the time of his separation from RPS Group, Inc., Plaintiff earned a salary of $160,000 per year. Based on Plaintiff's annual salary, it is apparent that Plaintiff's alleged compensatory damages for lost wages alone would exceed the jurisdictional amount in controversy requirement of $75,000.

8. Moreover, the fact that Plaintiff seeks to recover liquidated damages and attorneys' fees further evidences that the amount in controversy in this case easily exceeds $75,000. *See Freitas v. First N.H. Mortg. Corp.*, No. 98-211-ML, 1998 U.S. Dist. LEXIS 15698,

at *16-20 (D.R.I. July 23, 1998) (discussing that attorney's fees and punitive damages included in amount of controversy for removal).

### B. Complete Diversity of Citizenship Exists Between the Parties

9. There is complete diversity of citizenship exists between Plaintiff and Defendant. At the time this suit was filed and at the time of removal, Plaintiff was a citizen of the state of Massachusetts. *See* Exhibit A at ¶ 1.

10. Both at the time this suit was filed and at the time of removal, RPS Group, Inc. was a corporation organized and existing under the laws of Texas with its global headquarters located in the United Kingdom and its principal place of business in Texas. *See* 28 U.S.C. § 1332(c) (discussing that a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business). Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

## III.
## PROCEDURAL ALLEGATIONS

11. The District of Rhode Island is the federal district that encompasses the Superior Court of Washington County, Rhode Island. *See* 28 U.S.C. § 120.

12. This notice of removal is filed within thirty (30) days of having been served with Plaintiff's Complaint and is therefore timely filed under 28 U.S.C. § 1446. Therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b) and 1446.

13. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed in the Superior Court of Washington County, Rhode Island, and served on Plaintiff. A copy of the Notification to State Court is attached as Exhibit D.

WHEREFORE, the Defendant respectfully requests the removal of this action from the Superior Court of Washington County, Rhode Island to the U.S. District Court for the District of Rhode Island.

        Respectfully submitted,

        Defendant, RPS Group, Inc.

        */s/ Syd Saloman*
        Syd A. Saloman, #6618
        ssaloman@melicklaw.com
        **Melick & Porter, LLP**
        One Richmond Sq., Ste 230E
        Providence, RI 02906
        Telephone: 401-941-0909

        **NORTON ROSE FULBRIGHT US LLP**
        Jamila S. Mensah
        Fazila Issa
        1301 McKinney, Suite 5100
        Houston, Texas 77010-3095
        Telephone: 713-651-5151

        *Applications for admission pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

      I hereby certify that on, December 31, 2020, I electronically filed the foregoing document with the clerk of court for the U.S. District Court of Rhode Island using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following:

    Michael D. Pushee
    Jessica A. Roberge
    FORMISANO & COMPANY, P.C.
    100 Midway Place, Suite 1
    Cranston, Rhode Island 02920

                                                */s/ Samantha Hand-Garnet*
                                                  Samantha Hand-Garnet