# EXHIBIT A

| | |
|---|---|
| STATE OF RHODE ISLAND<br>WASHINGTON, SC. | SUPERIOR COURT |
| PAUL DUFFY,<br>    Plaintiff | : <br> : <br> : |
| v. | :    C.A. No.: |
| | : |
| RPS GROUP, INC.<br>    Defendant | : <br> : |

## COMPLAINT

### I.    Introduction

This is an action brought by the Plaintiff against the Defendant seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief arising out of the unlawful discrimination in employment the Plaintiff suffered in violation of the Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, et seq., the Rhode Island Civil Rights of People with Disabilities Act ("CPRD"), R.I.G.L. §42-87-1, et seq., and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, et seq.

### II.    Parties

1. The Plaintiff, Paul Duffy, at all times relevant to this action, was a resident of the City of Attleboro, County of Bristol, Commonwealth of Massachusetts, and was an employee of the Defendant.

2. Defendant RPS Group, Inc. ("RPS") is a corporation duly organized and incorporated pursuant to the laws of the State of Texas, and maintains a regular place of business in the Town of South Kingstown, County of Washington, State of Rhode Island.

### III.    Jurisdiction

3. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

Case Number: WC-2020-0376
Filed in Washington County Superior Court
Submitted: 9/14/2020 4:18 PM
Envelope: 2746211
Reviewer: Danielle K.

## IV. Venue

4. Venue is proper in accordance with R.I.G.L. §9-4-3 insofar as the Defendant is located in the County of Washington, State of Rhode Island.

## V. Exhaustion of Administrative Remedies

5. On or about July 9, 2019 the Plaintiff timely filed a charge of discrimination against Defendant RPS with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 20 EPD 014-50/35.

6. On or about June 23, 2020, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR issue a right to sue letter.

7. On or about June 22, 2020, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8. There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. Material Facts

9. In late November, 2016, the Plaintiff was hired by Defendant RPS as a Software Development Manager at its Rhode Island location.

10. On or about October 4, 2017, the Plaintiff was hospitalized due to jaundice, which was caused by a gallbladder infection.

11. The Plaintiff was hospitalized for fourteen (14) days as a result of his medical conditions.

12. While the Plaintiff was hospitalized and out of work at Defendant RPS, he was diagnosed with anxiety and post-traumatic stress disorder by his treating physician.

2

13. While the Plaintiff was on a medical leave of absence, Defendant RPS employees and/or agents, including, but not limited to, Eoin Howlett, Managing Director, Kelly Knee, Technical Director, Linda Nolan Gagne, Senior Contracts Manager, and human resources personnel were aware that the Plaintiff suffered from the aforementioned disability(ies) and/or perceived disability(ies).

14. On December 27, 2017, the Plaintiff returned to work from his medical leave.

15. Following his return to work, Defendant RPS employees and/or agents, including, but not limited to, Mr. Howlett, began engaging in discriminatory workplace conduct due to the Plaintiff's disability(ies) and/or perceived disability(ies).

16. In fact, Mr. Howlett made several comments to the Plaintiff regarding his medical conditions and the length of his medical leave.

17. In addition, Mr. Howlett hired a new Software Development Manager for Defendant RPS' Houston region and told the Plaintiff that if his workload gets light, then he should start looking for a new job.

18. Mr. Howlett also removed several projects from the Plaintiff's workload and assigned them to other Defendant RPS employees and/or agents.

19. In addition, Mr. Howlett explored outsourcing the larger projects assigned to the Plaintiff, which would have left him with little or no work at Defendant RPS.

20. In May, 2018, Mr. Howlett attempted to persuade the Plaintiff to resign from his position at Defendant RPS. In fact, Mr. Howlett told the Plaintiff, "This [working at RPS] isn't what you want to be doing," and "You don't want to be driving all this way," in reference to his commute to and from work.

Case Number: WC-2020-0376
Filed in Washington County Superior Court
Submitted: 9/14/2020 4:18 PM
Envelope: 2746211
Reviewer: Danielle K.

21. During this conversation, Mr. Howlett further stated, "You have to think about your health issues," in reference to the Plaintiff's disability(ies) and/or perceived disability(ies).

22. In response, the Plaintiff told Mr. Howlett that he enjoyed working at Defendant RPS and that he avoided heavy traffic during his commute by arriving at work at 9:30 a.m. instead of 9:00 a.m.

23. Mr. Howlett then questioned the Plaintiff about arriving to work at 9:30 a.m.

24. In response, the Plaintiff told Mr. Howlett that the arrangement had been approved by Ms. Knee shortly after his hire and that Ms. Knee had also approved a company policy allowing employees to arrive to work at 10 a.m. as long as those employees worked a full eight (8) hour work day.

25. Mr. Howlett responded, "We will see about that. I am going to check with Jennifer Reeves," Defendant RPS' Director of Human Resources.

26. In May, 2018, the Plaintiff spoke to Ms. Knee about his aforementioned conversation with Mr. Howlett regarding the Plaintiff's approved arrival time.

27. In June, 2018, after speaking with Ms. Reeves, Mr. Howlett revoked the Plaintiff's ability to arrive to work at 9:30 a.m. and stated that he was now required to arrive at 9:00 a.m. or he would be terminated.

28. In response, the Plaintiff asked Mr. Howlett whether Jill Rowe, another management-level employee at Defendant RPS, was still permitted to arrive to work at 9:30 a.m. or 10:00 a.m.

29. Despite the fact that the Plaintiff was required to report to work at 9:00 a.m., Ms. Rowe, a non-disabled employee, was permitted to arrive to work later in the morning.

4

30. In July, 2018, the Plaintiff made a complaint to Ms. Reeves regarding Mr. Howell's aforementioned discriminatory conduct.

31. In response, Ms. Reeves instructed the Plaintiff to gather more evidence relative to Mr. Howlett's discriminatory conduct and document conversations with him by sending her an e-mail summarizing their discussions.

32. However, Defendant RPS and Ms. Reeves failed and/or refused to take remedial action(s) to stop Mr. Howlett's discriminatory conduct, including, but not limited to, investigating the Plaintiff's complaints and/or counseling or disciplining Mr. Howlett.

33. As a result of Defendant RPS and Ms. Reeves' failure and/or refusal to stop Mr. Howlett's discriminatory conduct, it continued while the Plaintiff was employed at Defendant RPS.

34. During all relevant time periods, Defendant RPS knew that the Plaintiff suffered from disability(ies) and/or perceived disability(ies).

35. That despite his disability(ies) and/or perceived disability(ies), the Plaintiff was still qualified to perform his job with or without reasonable accommodation.

36. As a proximate result of Defendant RPS' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered pain and suffering, expenses for legal services, and other great harm.

## VII.    Claims for Relief

37. The Plaintiff incorporates the allegations contained in ¶¶1 through 36 above in the counts set forth below.

Case Number: WC-2020-0376
Filed in Washington County Superior Court
Submitted: 9/14/2020 4:18 PM
Envelope: 2746211
Reviewer: Danielle K.

### Count One
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

38. Defendant RPS, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the FEPA.

### Count Two
### Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

39. Defendant RPS, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, et seq., causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the CRPD.

### Count Three
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

40. Defendant RPS, by its acts and/omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, et seq., causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the RICRA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. Judgment against the Defendant.

Case Number: WC-2020-0376
Filed in Washington County Superior Court
Submitted: 9/14/2020 4:18 PM
Envelope: 2746211
Reviewer: Danielle K.

2. Enjoining and permanently restraining the Defendant from violating the FEPA, the CPRD, and/or the RICRA.

3. An award of compensatory damages.

4. An award of statutory interest, costs, and reasonable attorneys' fees.

5. An award of such other and further relief as this Honorable Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates Michael D. Pushee, Esquire and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,

September 14, 2020

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
Formisano & Company, P.C.
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9691
(401) 944-9695 (facsimile)
mpushee@formisanoandcompany.com
jroberge@formisanoandcompany.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 14th day of September, 2020 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee